**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| IN-N-OUT BURGERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 2:25-cv-02272-BCL-cgc |
| v. | ) |
| | ) |
| IN & OUT WIRELESS, INC., | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

This matter is before the Court by way of the May 1, 2026 order granting Plaintiff In-N-Out Burgers a Default Judgment and referring this case to the undersigned to conduct an evidentiary hearing. (D.E. # 15). On June 12, 2026, after notice to the parties, an evidentiary hearing was conducted at which Counsel for Plaintiff presented sworn testimony from Joe Tadros, Esq. on behalf of Plaintiff. Defendant did not appear. Plaintiff introduced and the Court admitted five (5) exhibits including three trademarks owned by Plaintiff (D.E. # 20-1, 20-2 and 20-3), proof showing that Defendant is using protected marks in violation of Plaintiff's rights ((D.E. # 20-4) and legal bills paid by Plaintiff in connection with this lawsuit (D.E. # 20-5). Plaintiff also filed with the Court, the Declaration of Greg Krog testifying as to the reasonableness of the attorneys' fees sought by Plaintiff. (D.E. # 19)

Upon the sworn testimony of Mr. Tadros, the Declaration of Greg Krog and the exhibits admitted by the Court, the Court RECOMMENDS that Plaintiff In-N-Out be granted the following relief:

1.      A permanent injunction in favor of Plaintiff In-N-Out Burgers against Defendant and its owners, partners, agents, servants, distributors, affiliates, employees, representatives, and all those in privity or acting in concert with Defendant or on its behalf from directly or indirectly:

a.      Selling, offering to sell, advertising, displaying, or using the Infringing Mark, or any derivative thereof or other mark that is confusingly similar to the IN-N-OUT® Mark and/or the IN & OUT ® Stylized Mark, alone or in combination with other words, names, styles, titles, designs or marks in connection with the sale, advertising, marketing and promotion of cell phone repair or accessories, or with any other business;

b.      Using in any other way any other mark or designation so similar to the IN-N-OUT® Mark and/or the IN & OUT ® Stylized Mark as to be likely to cause confusion, mistake or deception as to an affiliation, connection, sponsorship or endorsement of Defendant and/or its products or services by or with In-N-Out; and

c.      Representing or implying that Defendant is in any way sponsored by, affiliated with, endorsed by or licensed by In-N-Out Burgers;

2.      That Defendant be further ordered to deliver to In-N-Out's attorneys within thirty (30) days after the entry of this Judgment, to be impounded or destroyed by In-N-Out, all graphics, literature, signs, labels, prints, packages, wrappers, containers, advertising and promotional materials, products and any other written materials or items in Defendant's possession or control that bear the Infringing Mark, or any other mark similar to the IN-N-OUT® Mark and/or the IN & OUT ® Stylized Mark, together with all means and materials for making or reproducing the same, pursuant to 15 U.S.C. section 1118, and other applicable laws;

3.      That Plaintiff In-N-Out Burgers be awarded $16,000 in reasonable attorneys' fees pursuant to 15 U.S.C. § 1117, without prejudice to seek a further award of reasonable attorneys'

2

fees and costs associated with enforcing this Court's Judgment; and

4. That the Court's cost bill, if any, be taxed to Defendant for which execution may issue.

Signed this 26th day of June 2026.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**